DAVIS WRIGHT TREMAINE LLP

JAIME DROZD ALLEN           (*admitted pro hac vice*)
SARAH COX                   (*admitted pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Phone: (206) 622-3150; Fax: (206) 757-7700
E-mail:     jaimeallen@dwt.com
            sarahcox@dwt.com

-AND-

CADES SCHUTTE
A Limited Liability Law Partnership

KELLY G. LAPORTE       6294-0
NATHANIEL DANG         11102-0
1000 Bishop Street, 12th Floor
Honolulu, HI  96813
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:     klaporte@cades.com
           ndang@cades.com

Attorneys for Petitioners
Cameron's Coffee and
Distribution Company; Gold
Coffee Roasters, Inc.; and
Costa Rican Gold Coffee Co.,
Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IN RE: SUBPOENA TO KONA COFFEE FARMERS ASSOCIATION<br><br>Underlying Case: *CORKER, et al., v. COSTCO WHOLESALE CORPORATION, et al.,* (W.D. Washington, Case No. 2:19-cv-00290-RSL) | CIVIL NO. 1:20-mc-00372 JAO-RT<br><br>**MEMORANDUM IN OPPOSITION TO MOTION AND NOTICE OF CONSENT TO TRANSFER PURSUANT TO FRCP RULE 45(f) [Dkt. 13];** CERTIFICATE OF SERVICE |

**MEMORANDUM IN OPPOSITION TO MOTION AND NOTICE OF CONSENT TO TRANSFER PURSUANT TO FRCP RULE 45(f)**

## I. INTRODUCTION

Petitioners Cameron's Coffee and Distribution Company, Gold Coffee Roasters, Inc., and Costa Rican Gold Coffee Co., Inc. ("Defendants") oppose the Kona Coffee Farmers Association's ("KCFA's") Motion and Notice of Consent to Transfer [Dkt. 13] ("**Motion to Transfer**") Defendants' pending Motion to Enforce and Compel Compliance with Subpoena Duces Tecum Served on Respondent KCFA [Dkt. 1] ("**Motion to Compel**"). The Motion to Transfer is merely an effort by the KCFA to further delay having to respond to Defendants' Subpoena, which they served on the KCFA nearly a year ago. *See* Motion to Compel at 1. The Court should not enable any further delay by transferring this matter for three primary reasons:

*First*, principles of judicial economy and comity weigh in favor of resolving these discovery disputes in the District of Hawai'i and not adding to the Western District of Washington's existing heavy caseload. Indeed, it is likely that Defendants would have to wait many additional months for a ruling, given the Western District's current backlog. Yet there is no legitimate reason to further delay resolution of Defendants' Motion to Compel. That Motion implicates basic discovery rules (e.g., relevance, possession and control, burden), not merits issues. Therefore, the hypothetical risk of future conflicting rulings is not a risk that warrants transfer in this case. There is no reason this Court is any less qualified than the Western District is to rule on the discovery issues implicated by the Motion to Compel.

***Second*,** because this Court has already received briefing from all the parties and has analyzed the discovery-related issues, resolving the issue now rather than transferring will also serve *overall* judicial economy. First, declining to transfer will reduce re-work on the part of the Western District of Washington. Second, deciding Defendants' Motion to Compel would simply moot the motion to transfer, which post-dates the Motion to Compel. Notably, Defendants filed their Motion to Compel prior to the present transfer motion, and the KCFA has already completed and filed its opposition briefing. If the Court decides the Motion to Compel, it may avoid the burden of deciding this one. If the Motion to Compel is transferred and then granted, the Western District of Washington might need to transfer its order *back* to this district for any issues related to enforcement.

In contrast, there are no efficiencies to be gained through a transfer. Because the KCFA is headquartered in Hawaiʻi and all of its members are in Hawaiʻi, enforcement of the Western District of Washington's decision might actually necessitate further proceedings in this Court anyway. And if there is any risk of inconsistent rulings pertaining to the Motion to Compel, such a risk is actually *increased* by a transfer due to likely enforcement issues.

***Third***, transfer will unduly delay resolution of Defendant's Motion to Compel. Defendants predict that transfer would result in an additional *four* months' wait for a ruling. This delay will inhibit Defendants' ability to defend against upcoming milestones in the underlying action, such as class certification. Defendants served the Subpoena almost one year ago, and they have earnestly met and conferred with the KCFA's counsel over several months. The KCFA's latest

tactic in filing their Motion to Transfer *while also* opposing the Motion to Compel so as to introduce further delay and hinder Defendants should not be countenanced or facilitated by this Court.

Accordingly, the Court should deny the KCFA's Motion to Transfer.

## II.     ARGUMENT

### A.     Subpoena Disputes Are Ordinarily Heard by the Court Where Compliance Is Required.

Federal Rule of Civil Procedure 45(f) gives this Court discretion to deny the Motion to Transfer and to hear Defendants' Motion to Compel. *In re Verifone, Inc.*, 2018 WL 3532761, at *5 (N.D. Cal. July 23, 2018) (denying motion to transfer). However, it is standard practice for federal courts to resolve subpoena disputes that require compliance within their district. The KCFA has not met its burden to demonstrate why this Court should deviate from this well-established practice. Transfer is ordinarily unwarranted because "'most disputes involving discovery from nonparties present garden-variety issues of relevance, privilege, and burden that . . . only call for the application of everyday discovery principles and ordinary judgment.'" *E4 Strategic Sols., Inc. v. Pebble Ltd. P'Ship*, 2015 WL 12746706, at *4 (C.D. Cal. Oct. 23, 2015) (quoting Steven S. Gensler, 1 Fed. Rules Civil Proc., Rules and Commentary, Rule 45 (2015 ed.)). Therefore, the court where compliance is required should ordinarily decide motions to compel compliance with a subpoena. *Id.*

Because "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions," prior to granting a motion to

transfer, "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Fed. R. Civ. P. 45(f) advisory committee's note (2013).  If the movant does make such a showing and the compliance court transfers the subpoena dispute to the issuing court, the matter may ultimately need to be transferred back to the compliance court for enforcement.  Fed. R. Civ. P. 45(f).

The KCFA has failed to carry its burden to justify deviation from standard practice.  But more than that, the circumstances in this case weigh against transfer because transfer to the Western District of Washington would (1) further burden that court, (2) reduce overall judicial economy in the federal court system, and (3) unnecessarily add months of additional delay.

### B. The Circumstances Merit Resolution By This Court.

The Western District of Washington is currently suffering from a significant backlog due to the Covid-19 pandemic and the existence of multiple vacancies in its authorized judgeships.[1]  This can be seen in the pending civil case statistics.[2]

---

[1] Madison Alder, *Short-Benched U.S. Trial Courts Face Post-Pandemic Crisis*, Bloomberg Law (Apr. 9, 2020), https://www.bloomberglaw.com/document/XB9HB25C000000?bna_news_filter=us-law-week&jcsearch=BNA%25200000017154dede5fabfbdffe76680001#jcite.

[2] Whereas the District of Hawaiʻi has approximately 535 pending civil cases per four active and four senior judges (67 per judge), the Western District of Washington has approximately 2,506 pending civil cases per just two active judges and 10 senior judges (209 per judge).  *See Table C-1—U.S. District Courts–Civil Federal Judicial Caseload Statistics*, U.S. Courts (Mar. 31, 2020), https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2020/03/31.

Consequently, the judges are overburdened, and motion rulings in the Western District of Washington currently take a minimum of several months and often more. Thus, this Court should not transfer Defendants' Motion to Compel to the Western District of Washington out of concerns related to judicial economy in that district and comity between judicial districts.

Furthermore, this Court can and should rule on the Motion to Compel, which involves discovery issues, not matters specifically tethered to the underlying case. The discovery issues relate to relevance, possession and control, and burden— generalized discovery issues. The Court need not transfer this matter—introducing further delay—to resolve what is essentially a "garden-variety" discovery dispute with a nonparty.[3] *E4 Strategic Sols.*, 2015 WL 12746706, at *4 ("'Lurking underneath [the] comments [to Rule 45] is the belief that most disputes involving discovery from nonparties present garden-variety issues of relevance, privilege, and burden that do not require deep familiarity with the case because they only call for the application of everyday discovery principles and ordinary judgment.'") (alterations in original) (quoting Gensler, *supra*).

There is no need for transfer particularly where, as here, the discovery dispute has little to do with the merits of the underlying litigation. *See FDIC v. Galan-Alvarez*, 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015). The Western

---

[3] The fact that this is a Lanham Act action does not render it inherently complex, nor does its status as a putative class action. *See In re Packaged Seafood Prods. Antitrust Litig.*, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2108) ("That the underlying action is an MDL[3] does not automatically confer exceptional circumstances.").

District of Washington is certainly not in a *better* position to decide general matters related to relevance, possession and control, and burden of compliance in the District of Hawai'i. *See id.* Again, this is third-party discovery; all courts are equally versed in resolving these issues.

The KCFA generally argues that Senior Judge Lasnik is in a better position to rule on the Subpoena and that he has already ruled on certain related discovery issues. Motion to Transfer at 6. But the KCFA fails to identify any case-specific issue that requires Judge Lasnik's resolution. Given this Court is located in the compliance forum and the issues are standard, this Court is just as well-situated (if not more so) to rule on Defendants' Motion to Compel.

Lastly, the Western District of Washington has made relatively few discovery rulings in the underlying action. The KCFA raises a hypothetical concern that a ruling by this Court may conflict with future discovery rulings, but the mere assertion of such a concern is insufficient to justify a departure from standard practice, burdening another district, and adding delay. *See Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014) (surveying the exceptional circumstances that permit transfer). This Court's decision to require document production will not affect or constrain further proceedings in Washington.

Because there is no specific reason these discovery issues need be decided by the Western District of Washington, and transfer would burden that already over-burdened court, the Court should deny the KCFA's Motion based on principles of judicial economy and comity.

### C. Judicial Economy Favors Resolution of Defendants' Motion to Compel In This District.

Considerations of overall judicial economy also favor the Court resolving Defendants' Motion to Compel. First, should this Court rule on the Motion to Compel first (in the order in which the motions were filed), the Court would not need to address the Motion to Transfer, which would be moot.[4] This would expedite resolution of the proceedings before this Court and avoid delay. Resolving the Motion to Compel would thus promote overall judicial economy by obviating the need to issue a substantive order on the motion to transfer.

Second, given that the Court has already heard from the KCFA in opposition to Defendants' Motion to Compel, and the Court has already reviewed and analyzed the issues related to that Motion, transfer would reduce overall judicial economy by requiring re-work and consideration by another judge and chambers. Efficiency favors deciding the motion now that it has been fully briefed before this Court. In addition, deciding the completed Motion to Compel would avoid the added time and expense that the parties would incur if the Court transferred the matter to the Western District of Washington.

Third, if the Court transfers the Motion to Compel, and the Western District of Washington grants the Motion, that court may have to transfer back to this District for enforcement matters, adding unnecessary complication and delay. *See*

---

[4] Defendants' Motion to Compel was filed on August 27, 2020, and is noted for hearing November 20, 2020. Dkt. 18. The KCFA filed its opposition brief on October 1, 2020—the same day it filed its Motion to Transfer. Dkt. 13. The Motion to Transfer is not scheduled to be heard until the same day as the hearing on the Motion to Compel—November 20, 2020. Dkt. 18.

Fed. R. Civ. P. 45(f).  This concern is not theoretical given the vigor with which the KCFA, represented by Plaintiffs' counsel, has opposed compliance with Defendants' Subpoena thus far.  Resolving the Motion to Compel in this jurisdiction will therefore likely expedite the overall discovery dispute.

For these additional reasons, overall judicial economy weighs strongly in favor of resolving Defendants' Motion to Compel without needless serial transfers and resulting delay.

### D.     This Court Should Not Enable the KCFA's Latest Delay Tactic.

Granting the KCFA's Motion to Transfer will frustrate the discovery process and truth-seeking purpose of subpoenas.  *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2019 WL 3069009, at *3 (C.D. Cal. Apr. 29, 2019) (describing subpoenas as an essential tool in the search for truth in litigation).  As explained in detail in their Motion to Compel, Defendants' Subpoena seeks KCFA documents directly relevant to the Plaintiffs' and putative class members' knowledge of the claims asserted in the underlying action, which bears on whether those claims are barred by the equitable doctrine of laches, Motion to Compel at 1, 3-5, as well as class certification, *id.* at 5, 16.  But if the Court grants the Motion to Transfer, Defendants predict that the Western District of Washington would not likely rule on the Motion to Compel for a minimum of four months.  By the time Defendants receive a ruling, they will have waited for well over one year for a substantive response to their Subpoena, and the class certification deadline in the underlying action will have passed.  Dkt. 333 at 1 (W.D. Wash. Case No. 2:19-cv-00290)

(underlying civil case schedule). And, as stated, enforcement may require additional proceedings and/or transfer, which would necessarily add even more delay.

This Court should not enable and endorse this latest attempt by the KCFA to further delay responding to Defendants' Subpoena in order to prejudice Defendants' defenses in the underlying action. The Court should instead follow its practice of ensuring the "just, *speedy*, and inexpensive determination of every action and proceeding"—including this one. Fed. R. Civ. P. 1 (emphasis added).

### III.   CONCLUSION

For the foregoing reasons, the Court should deny the KCFA's Motion to Transfer.

DATED:  Honolulu, Hawai'i, October 30, 2020.

> */s/Sarah Cox*
> JAIME DROZD ALLEN *(admitted pro hac vice)*
> SARAH COX *(admitted pro hac vice)*
> KELLY G. LAPORTE
> NATHANIEL DANG
> Attorneys for Petitioners Cameron's Coffee and Distribution Company; Gold Coffee Roasters, Inc.; and Costa Rican Gold Coffee Co., Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| IN RE: SUBPOENA TO KONA COFFEE FARMERS ASSOCIATION | CIVIL NO. 1:20-mc-00372 JAO-RT |
| Underlying Case: *CORKER, et al., v. COSTCO WHOLESALE CORPORATION, et al.,* (W.D. Washington, Case No. 2:19-cv-00290-RSL) | CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this date, a true and correct copy of the foregoing document was duly served upon the following via CM/ECF as indicated below:

PAUL RICHARD BROWN
Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Email: pbrown@karrtuttle.com

– and –

MATTHEW T. EVANS
ROSS UEHARA-TILTON
Damon Key Leong Kupchak Hastert
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: (808) 531-8031
Email: mte@hawaiilawyer.com
　　　　rut@hawaiilawyer.com

Attorneys for Respondent
KONA COFFEE FARMERS ASSOCIATION

DATED: Honolulu, Hawai'i, October 30, 2020.

*/s/Sarah Cox*
JAIME DROZD ALLEN *(admitted pro hac vice)*
SARAH COX *(admitted pro hac vice)*
KELLY G. LAPORTE
NATHANIEL DANG
Attorneys for Petitioners Cameron's Coffee and Distribution Company; Gold Coffee Roasters, Inc.; and Costa Rican Gold Coffee Co., Inc.